UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
VETTER MOORE,                    )
     Petitioner,                 )
                                 )
V.                               )    CIVIL ACTION NO. 05-11216-RWZ
                                 )
                                 )
UNITED STATES OF AMERICA,        )
     Respondent.                 )
```

GOVERNMENT'S RESPONSE TO PETITIONER VETTER MOORE'S
MOTION PURSUANT TO 28 U.S.C. §2255
<u>TO VACATE, SET ASIDE, OR CORRECT SENTENCE</u>

The government hereby opposes the motion, docketed by this Court under 28 U.S.C. §2255, of petitioner Vetter Moore ("Moore") to vacate, set aside or correct the sentence this Court imposed on him on April 14, 1992, which was subsequently affirmed by the First Circuit on June 15, 1993.  As grounds therefor, the government states that Moore's motion, besides being untimely under 28 U.S.C. §2255, is unintelligible and presents no discernable claims for relief under §2255.  It is simply not possible to understand Moore's motion and to address in any meaningful way its merits.

Rule 4(b) of the Rules Governing Section 2255 Proceedings For the United States District Courts provides in pertinent part:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Here, the summary dismissal standard of Rule 4 is easily met. First, Moore's claims are unintelligible and do not even suggest any claim warranting relief under §2255. Second, Moore's §2255 motion was filed on June 3, 2005, nearly 12 years after the First Circuit affirmed the judgment in his criminal case. Although the specifics are unclear, Moore's motion appears to attack the judgment entered by this Court, which, if his motion was properly supported, would fall within the scope of §2255. However, §2255 motions are subject to a one-year statute of limitations and Moore has suggested no facts that would give rise to the tolling of that provision. See 28 U.S.C. §2255. Third, Moore has a long history of filing pro se frivolous claims in this Court. See e.g., Moore v. Attorney General, 92-mc-10427-WGY; Moore v. Barr, 92-cv-12131-WGY; United States v. Moore, 95-MJ-00003-LPC; Moore v. Keller, 97-cv-11723-NG; Moore v. U.S.D.C. Judges, et al., 99-cv-10549-NG; Moore v. Commonwealth of Massachusetts, 05-mc-10075-WGY. Judge Gertner's order in 97-cv-11723-NG is instructive:

> On July 8, 1997, Judge Young issued an order enjoining the petitioner from filing any papers without the aid and signature of counsel unless or until this court specifically authorizes the filing of such claims (see Moore v. Commonwealth, CA 87-0942-Y). Having reviewed the action transferred from the Northern District of New York, the case is not sufficiently articulate or even coherent to warrant further processing.

Moore has a similar history with the First Circuit. See e.g., In Re: Vetter Moore, Appeals No. 92-8006; In Re: Vetter Moore, Appeals No. 92-8036; In Re: Vetter Moore, Appeals No. 92-8048;

<u>Moore v. United States</u>, Appeals No. 93-8070; <u>Moore v. United States</u>, Appeals No. 94-8022; <u>Moore v. United States</u>, Appeals No. 94-8038. The Court of Appeals Docket in No. 94-8020 also makes reference to an injunction entered by that court ordering Moore not to file any more <u>pro</u> <u>se</u> documents unless he had requested prior leave from the court to do so, and a judge of the court had granted such leave.

To the degree that Moore's motion purports to be filed as a petition for a writ of error coram nobis, summary dismissal is also required. The First Circuit has stated the following with respect to the writ of coram nobis:

> [T]he writ of coram nobis is an unusual legal animal that courts will use to set aside a criminal judgment of conviction only "under circumstances compelling such action to achieve justice." <u>See</u> <u>Morgan</u>, 346 U.S. at 511. Those circumstances include an explanation of why a coram nobis petitioner did not earlier seek relief from judgment, <u>see</u> <u>United States v. Osser</u>, 864 F.2d 1056, 1061-62 (3d Cir. 1988), <u>Kiger v. United States</u>, 315 F.2d 778, 779 (7th Cir.) <u>cert</u> <u>denied</u>, 375 U.S. 924 (1963); a showing that the petitioner continues to suffer significant collateral consequences from the judgment, <u>see</u> <u>Morgan</u>, 346 U.S. at 512-13, <u>Howard v. United States</u>, 962 F.2d 651, 653 (7th Cir. 1992); and a demonstration that an error of "the most fundamental character," relevant to the plea decision, occurred. <u>See</u> <u>Morgan</u>, 346 U.S. at 512.

<u>Hager v. United States</u>, 993 F.2d 4, 5 (1st Cir. 1993). Moore has not come close to meeting the exacting standard for the highly unusual granting of coram nobis relief, particularly given that his claims are no more intelligible or discernible when examined under a coram nobis standard than they are when examined under a

§2255 standard.

Accordingly, Moore's motion should be denied, and this proceeding, whether considered under §2255 or coram nobis jurisprudence, should be summarily dismissed.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Timothy Q. Feeley
    TIMOTHY Q. FEELEY
    Assistant U.S. Attorney

September 12, 2005

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

> Mr. Vetter Moore
> Reg. No. 18760-038
> FCI-Lewisburg
> Lewisburg, PA 17837

This 12th day of September 2005.

/s/ Timothy Q. Feeley
TIMOTHY Q. FEELEY
ASSISTANT UNITED STATES ATTORNEY